UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ARD,

    Plaintiff,

v.                                Case No: 8:23-cv-1291-KKM-CPT

MIKHAIL SHAFRO,

    Defendant.
_____

## ORDER

Thomas Ard sued Mikhail Shafro in Florida court and alleged that Shafro negligently operated her vehicle, resulting in a "serious collision" with Ard's vehicle. Compl. (Doc. 1-1) ¶¶ 7–9. Shafro removed this action under 28 U.S.C. § 1332, arguing that the parties are completely diverse and the amount in controversy exceeds $75,000. Notice of Removal (Doc. 1) ¶¶ 1–3, 9. However, because Ard's complaint does not allege that damages exceed $75,000, I ordered Shafro to show cause why this action should not be remanded for lack of subject-matter jurisdiction. OSC (Doc. 6).

As the removing party, Shafro bears the burden of proving that this Court has subject-matter jurisdiction. *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021). "Where a plaintiff fails to specify the total amount of damages demanded, as is the

case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (footnote omitted); *see also* 28 U.S.C. § 1446(c)(2)(B) (allowing removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000).

In response to the Court's order to show cause, Shafro claims that Ard's medical bills are approximately $64,539.12, and that Ard's doctor recommends steroidal injections that "range between $1,500 and $4,000" and "are usually administered in rounds of 2–3 injections through a period of time." Resp. to OSC (Doc. 7) at 2. Shafro also notes that Ard advances claims for future pain and suffering, loss of earnings capacity, and property damage to his vehicle. *Id.* Finally, Shafro states that the Ard's counsel advised Shafro's counsel that damages would exceed $75,000. *Id.*

Shafro's response fails to *prove* that the amount in controversy exceeds $75,000. It all remains allegations without substantiation, which is insufficient. "Glaringly absent from the Court's file are any medical bills or other evidence bearing on the damages." *Pennington v. Covidien LP*, No. 8:18-cv-2114-T-33SPF, 2018 WL 4501739, at *2 (M.D. Fla. Sept. 20, 2018) (Covington, J.). Although Shafro bears the burden of proving, "by a preponderance of the *evidence*," that the amount in controversy exceeds $75,000, *Leonard*,

2

279 F.3d at 972 (emphasis added), Shafro's response to the Order to Show Cause relies entirely on unsupported claims about Ard's medical bills and the recommendations of Ard's doctor. Resp. to OSC at 2. As the Eleventh Circuit held in *Leonard*, and as other judges in this District have noted repeatedly in later cases, that is insufficient. *See Pennington*, 2018 WL 4501739, at *2; *Hughey v. Wal-Mart Stores East, LP*, 8:22-cv-278-SDM-SPF (M.D. Fla. May 25, 2022) (Doc. 15) (Merryday, J.) (remanding an action to Florida court because the Defendant failed to present evidence substantiating that the amount in controversy exceeded $75,000).

Moreover, the admission of Ard's counsel that damages would exceed $75,000 is insufficient to carry Shafro's burden. *See, e.g., Eckert v. Sears, Roebuck & Co.*, No. 8:13-cv-2599-T-23, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (Merryday, J.); *Velar v. Kohl's Corp.*, No. 8:19-cv-717-T-33AAS, 2019 WL 1349824, at *2 (M.D. Fla. Mar. 26, 2019) (Covington, J.). "[T]he court has an obligation to determine that the requisite jurisdictional amount is satisfied and that inquiry is independent of the parties' assertions or desires to litigate in federal court." 14AA Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3702 (4th ed.); *see also* 28 U.S.C. § 1446(c)(2)(B) (requiring "the district court" to "find[], by the preponderance of the evidence, that the amount in controversy exceeds" $75,000). Neither Shafro nor Ard have presented evidence allowing this Court to find that the amount-in-controversy requirement is satisfied in this case.

3

Accordingly, this action is **REMANDED** to the Circuit Court for Sarasota County, Florida. The Clerk must **TRANSMIT** a certified copy of this order to the clerk of that court, **TERMINATE** any pending motions and deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 21, 2023.

Kathryn Kimball Mizelle
United States District Judge